**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              Case No. 11-20140-1

TRACEY M. McINCHAK,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S REQUEST FOR
CLARIFICATION OF THE SENTENCE**

On February 16, 2012, Defendant Tracey M. McInchak pleaded guilty to one count of embezzlement in violation of 18 U.S.C. § 656, and one count of filing a fraudulent tax return in violation of 18 U.S.C. § 7206(1). Defendant was sentenced to a term of 15 months as to count 1 and 2, to be served concurrently; and 3 years of supervised released as to count 1 and 1 year as to count 2, to be served concurrently for counts involving violations of 18 U.S.C. § 656 and 18 U.S.C. § 7206(1). (J. at 3-4.) Furthermore, Defendant was ordered to pay restitution in the amount of $503,320.75 to be paid to the Clerk of the Court for disbursement to Comerica Bank in the amount of $440,614.47 and to the United States Internal Revenue Service in the amount of $62,706.28. (*Id.* at 5.)

On March 26, 2012, pursuant to 18 U.S.C. § 3664(f)(2) and § 3664(f)(3)(A) a motion was filed by or on behalf of Defendant. (Def.'s Mot. Clarification 1.) Specifically, Defendant requests this court to reconsider and clarify the intervals by which restitution is to be paid. (*Id.*) For the following reasons, the court will deny the motion.

Defendant's motion cites § 3664(f)(3)(B), which states that a court may issue a restitution order directing the Defendant to make nominal payments if, from the facts of the case, the court finds that Defendant's economic situation prevents her from paying the full amount of the restitution order "under any reasonable schedule of payments" in the foreseeable future. (Def.'s Mot. Clarification 2.) Defendant points to the Presentence Investigation Report ("PSR") to assert that she does not have the ability to pay the fine imposed by the court and that she would only be able to make nominal monthly payments towards the balance of the restitution. (*Id.*)

As an initial matter, for a motion to alter or amend a judgment to be timely, it must be brought no later than 28 days after entry of judgment. Fed. R. Civ. P. 59(e). The entry of judgment in this case was made on February 27, 2012. (J. 1.) Defendant filed the motion for clarification of sentence on March 26, 2012. (Dkt # 20.) Therefore, Defendant's motion was timely filed.

In reviewing the PSR and pursuant to 18 U.S.C. § 3664(f)(2) and 3664(f)(3)(A), the court considers the Defendant's financial situation, employment history and other factors to help determine Defendant's earning ability. Pursuant to 18 U.S.C. § 3664(f)(3)(B), it appears that Defendant is asking the court to grant nominal periodic payments. (Def.'s Mot. Clarification 1.) "A restitution order may provide that the defendant pay the amount owed in one lump sum, in periodic payments or, if economic circumstances dictate, in nominal periodic payments until the restitution amount is paid in full." United States v. Davis, 306 F.3d 398, 425 (6th Cir. 2002)(citing 18 U.S.C. § 3664(f)(3)(A) and (B)). Furthermore, the payment of restitution must be immediate, unless "the interest of justice requires otherwise." *Id.*

2

"[T]he district court has substantial discretion in determining how restitution is to be paid." *United States v. Callen*, 22 F. App'x 434, 453 (6th Cir. 2001). Upon review of the PSR, the court is not persuaded that nominal periodic payments is appropriate in this case. The court finds that the defendant was able to obtain employment in the past and "is capable of being employed in the future." *Id.* (holding that "potential earning capacity precludes a determination of indigency required for the imposition of nominal periodic payment"). First, Defendant is a high school graduate. (PSR 12.) The defendant also related that she has completed "several internet courses in accounting," and was once a notary public for the state of Michigan. (*Id.*) Secondly, Defendant was able to obtain steady employment with an annual salary ranging from $38,000 to upwards of $68,000. (*Id.* at 12-13.) Defendant's spouse also has a monthly net income of $4,500, in addition to Defendant's monthly unemployment benefits of $1,280. (*Id.* at 14.) In her motion, Defendant indicates that the net monthly cash flow would only be $322.00 after the payment of necessary living expenses. (*Id.* at 15.) In consideration of Defendant's financial situation, the court has already waived the imposition of fines, the costs of incarceration and supervision due to Defendant's inability to pay. (J. 6.) Pursuant to 18 U.S.C. § 3664(f)(2) and 3664(f)(3)(A) and the court's review of the facts in this case, Defedant's request for nominal periodic payments is denied.

The judgment in this case is clear. As to the intervals in which Defendant shall make restitution payments, the court ordered that while in custody, Defendant "shall participate in the Inmate Financial Responsibility Program." (J. 7.) The court is aware of the program requirements as well as the payment schedule and orders Defendant to

comply to the terms of the program. (*Id.*) The judgment also orders that Defendant make "[a]ll monetary penalty payments" to the Clerk of the Court, "except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program." (*Id.*) Furthermore, upon supervised release, Defendant shall make monthly payments of any remaining balance of the restitution or special assessment "at a rate and schedule recommended by the Probation Department and approved by the Court." (*Id.*) Accordingly,

IT IS ORDERED that Defendant's motion for clarification of the sentence [Dkt. # 20] is DENIED.

     s/Robert H. Cleland  
     ROBERT H. CLELAND  
     UNITED STATES DISTRICT JUDGE

Dated: June 6, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 6, 2012, by electronic and/or ordinary mail.

     s/Lisa Wagner  
     Case Manager and Deputy Clerk  
     (313) 234-5522